**FIRST NATIONAL BANK OF CENTRAL CITY, KENTUCKY, Plaintiff-Appellee,**

v.

**AETNA CASUALTY & SURETY COMPANY, Defendant-Appellant.**

No. 77–3482.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1979.

Decided Dec. 4, 1979.

Clarence McCarroll, Bartlett, McCarroll & Nunley, Marvin Nunley, Owensboro, Ky., for defendant-appellant.

Rees Kinney, Jarvis, Payton & Kinney, James Tardio, Greenville, Ky., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and MERRITT and KENNEDY, Circuit Judges.

PER CURIAM.

In this diversity action by a bank against an insurance company, the appellee, First National, the plaintiff below, extended credit to a third person, one Arnold, a businessman, in the amount of $336,000 secured by the debtor's business accounts receivable. The promissory note to the Bank executed by Arnold was secured by certain attached duplicate invoices each of which showed on its face the signature of the purchaser with language purporting to acknowledge receipt of merchandise. The invoices and accounts receivable were, in fact, phony; and the signatures of the purported purchasers were forged by Arnold.

Arnold, the debtor, defaulted on the loan; and First National learned that the accounts receivable did not exist. First National then sought in this action to recover its loss against Aetna Casualty & Surety Co., the company with whom it carried its banker's blanket insurance policy.

The bank sued the insurance company under "Clause E" of that policy. That clause provides indemnity coverage for the bank's losses for "any credit [extended] . . . on the faith of . . . any securities, documents or other instruments which prove to have been . . . counterfeited or forged as to the signature of any maker," etc. But the policy did not otherwise cover losses arising simply from fraud or false pretenses, or for false documents or writings which are not "transferable," or have no "value, in the ordinary course of business." It expressly excluded such losses.

We agree with the District Court that the receipts in the form of duplicate invoices were "documents" or "written instruments" within the meaning of Clause E. The combined instrument in question here—an invoice which includes a certificate by the purchaser acknowledging delivery—has sufficient value and transferability in the ordinary course of business to meet the test laid down in Clause E of the policy. See *Union Inv. Co. v. Fidelity & Deposit Co.*, 400 F.Supp. 860 (E.D.Mich. 1976), aff'd 549 F.2d 1107 (6th Cir. 1977) (certificates of mortgage insurance not having "independent or intrinsic value" nevertheless are "documents" within meaning of Clause E of standard banker's blanket bond). The receipt portion of the invoices purported to acknowledge debts owed by the purchasers and were valuable evidence of these debts which were subject to transfer. We also agree with the District Court that the only real evidence on the reliance question suggests that First National did, in fact, rely on the invoices and delivery slips

in making the loan. There appears to be no evidence to the contrary. We also agree with the District Court that the signatures of the purchasers contained on the duplicate invoices were false and that the duplicate invoices "prove to have been counterfeited or forged as to the signature of the" purchaser.

Accordingly, the judgment of the District Court is affirmed.